UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA DUPUIS AND ANGELA VALENCIA,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>OTIS ELEVATOR COMPANY, MARRIOTT RESORTS HOSPITALITY CORPORATION, AND DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | Case No.:   21CV1834-AJB(BLM)<br><br>**ORDER DENYING JOINT MOTION TO EXTEND THE FACT DISCOVERY DEADLINE**<br><br>**[ECF No. 32]** |

　　　On August 5, 2022, the parties filed a Joint Motion to Extend the Expert Discovery Deadline. ECF No. 29. The parties sought to continue the expert discovery related deadlines by approximately sixty days because they "[we]re attempting to coordinate an Independent Medical Exam of Ms. Valencia" and they "ha[d] not yet had the opportunity to fully evaluate Ms. Valencia's claimed injuries and treatments." Id. at 2. That same day, the Court granted the parties' motion. ECF No. 30.

　　　On August 31, 2022, the parties filed a Joint Motion to Extend the Fact Discovery Deadline. ECF No. 32. The parties seek to continue the September 9, 2022 fact discovery deadline to December 9, 2022. Id. at 2-3. In support, the parties state that they still "have not had an opportunity to fully evaluate Valencia's claimed injuries and medical treatment" and that

"they will not have sufficient time to conduct all necessary and appropriate fact discovery by the current September 9, 2022 deadline." Id. at 3.

The parties' joint motion is insufficient and contains several problems. First, the motion asks the Court to continue the fact discovery deadline by 60 days and then asks for a new date of December 9, 2022, which is 90 days from the current deadline. Second, the joint motion does not provide any concrete information. It does not explain why the parties have not fully evaluated Plaintiff's injuries and treatment or what fact discovery they are going to conduct during the next 60 to 90 days in order to finalize the evaluation. The parties state that they still need to depose percipient witnesses but they fail to identify which depositions have been conducted, which depositions need to be conducted, and when the remaining depositions are going to occur. As a result, the Court is unable to evaluate both the diligence of the parties and the good cause for the requested continuance. Third, the parties fail to address why the last motion only sought a continuance of the expert discovery deadline and why the current motion only seeks a continuance of the fact discovery deadline. If the Court grants the parties' current motion, the expert reports will be due weeks before the close of fact discovery. The Court will not permit the parties to continue to seek piecemeal continuations of the pretrial deadlines.

The parties' joint motion is denied without prejudice. If the parties submit a new motion, they must correct the issues identified by the Court, address the legal standard governing the modification of case management dates, provide concrete information for their requests including specific dates for depositions, IMEs, and other outstanding discovery, and propose a comprehensive discovery plan.

**IT IS SO ORDERED**.

Dated: 9/2/2022

Hon. Barbara L. Major
United States Magistrate Judge